## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

JEWEL M WADE

    Plaintiff,

 v.

MONEYKEY - TX, INC.,

    Defendant.

Case No.  5:19-cv-01111

## DEFENDANT MONEYKEY-TX, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND ORIGINAL COUNTERCLAIM

Defendant MoneyKey-TX, Inc. ("MoneyKey" or "Defendant"), through undersigned counsel, answers the allegations contained in Plaintiff's initial complaint as follows:

### <u>ORIGINAL ANSWER</u>

### NATURE OF ACTION

1. The allegations of Paragraph 1 consist of Plaintiff's characterizations of her purported claims, to which no response is required. To the extent the allegations in Paragraph 1 may be deemed to require a response, MoneyKey admits that Plaintiff's complaint seeks damages pursuant to the Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*) and the Texas Fair Debt Collection Act (Tex. Fin. Code Ann. §392 *et seq.*). The remaining allegations of Paragraph 1 are denied.

### JURISDICTION AND VENUE

2. As to the allegations of Paragraph 2, it is admitted that the Court has subject matter jurisdiction over Plaintiff's claims; all remaining allegations of Paragraph 2 are denied.

3.      As to the allegations of Paragraph 3, it is admitted that Defendant conducts business in the Western District of Texas.   MoneyKey denies all remaining allegations in Paragraph 3.

## PARTIES

4.      As to the allegations of paragraph 4, it is presumed that Plaintiff is a natural person; MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

5.      The allegations of Paragraph 5 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey admits the allegations of Paragraph 5.

6.      MoneyKey admits that it is (i) licensed by the State of Texas, Office of the Consumer Credit Commissioner as a Credit Access Business ("**CAB**"); and (ii) licensed by the State of Texas, Secretary of State as a Credit Service Organization ("**CSO**").  In its capacity as a CAB and CSO, MoneyKey assists Texas consumers in obtaining credit from independent Third-Party Lenders ("**Lender**"). Associated with this process, and in the course of its business MoneyKey collects and services approved loans on behalf of such independent Lender. MoneyKey further admits it is a Delaware corporation and that its registered agent in the State of Texas is CT Corporation System.  Except as expressly admitted herein, the remaining allegations of Paragraph 6 are denied.

7.      The allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey admits the allegations of Paragraph 7.

8.      If and to the extent MoneyKey took any actions with regard to servicing and/or collecting upon the loan which is the subject matter of the allegations herein, MoneyKey admits it did so through its employees or agents.   Except as expressly admitted herein, MoneyKey denies the allegations of Paragraph 8.

## FACTS SUPPORTING CAUSES OF ACTION

9.      The allegations of the first sentence of Paragraph 9 are denied.   MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 9 and on that basis denies the allegations.

10.     MoneyKey denies the allegations of Paragraph 10.

11.     MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies the allegations.

12.     As to the allegations of the first sentence of Paragraph 12, MoneyKey admits that telephone number (866) 252-5578 was used to place some calls to the Plaintiff.   As to the allegations of the second sentence of Paragraph 12, MoneyKey admits that has used other telephone numbers to contact Plaintiff.

13.     As to the allegations of Paragraph 13, MoneyKey admits that the telephone number (866) 252-5578 is assigned to MoneyKey, and that from time to time that telephone number is used to make calls to attempt to collect on debts due and owing.

14.     MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis denies the allegations.

15.     MoneyKey admits that a pre-recorded message was left for some calls placed to Plaintiff which were unanswered.

16.     MoneyKey denies the allegations of paragraph 16.

17.     MoneyKey denies the allegations of Paragraph 17.

18.     MoneyKey denies the allegations of Paragraph 18.

19.     MoneyKey denies the allegations of Paragraph 19.

20.     MoneyKey denies the allegations of Paragraph 20.

21.     MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies the allegations.

22.     MoneyKey denies the allegation of Paragraph 22.

23.     MoneyKey denies the allegations of Paragraph 23.

**COUNT I – Violations of the Telephone Consumer Protection Act**

24.     As to the allegations in Paragraph 24, MoneyKey incorporates its responses to Paragraph 1-23 above.

25.     The allegations of Paragraph 25 are Plaintiff's characterization of the TCPA  and no response is required.

26.     The allegations of Paragraph 26 are denied.

27.     As to the allegations of Paragraph 27, MoneyKey admits that, when MoneyKey has acquired the appropriate consent from customers, a pre-recorded message may be left when customers do not answer telephone calls. Except as expressly admitted herein. MoneyKey denies the remaining allegations of Paragraph 27.

28.     MoneyKey denies the allegations of Paragraph 28.

29.     MoneyKey admits calls placed to Plaintiff were not for emergency purposes. Except as expressly admitted herein, MoneyKey denies the remaining allegations of Paragraph 29.

30.     The allegations of Paragraph 30 are denied.

The allegations on the unnumbered paragraph on page 5 of the Complaint and its subparts (a) through (e) are Plaintiff's request for relief and no response is required; to the extent a response is required, the allegations are denied.

**COUNT II – Violations of the Texas Debt Collection Act**

31.    As to the allegations of Paragraph 31, MoneyKey incorporates its response to Paragraphs 1-30 above.

32.    MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.    The allegations of Paragraph 33 constitute legal contentions and/or conclusions to which no response is required. To the extent a response is required, MoneyKey admits that at times it may be considered a "debt collector" under the TEX. FIN. CODE 392.001(6), but that it is without knowledge or information sufficient to form a belief as to the truth of whether it is a debt collector as to Plaintiff's debt.

34.    MoneyKey is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

**a.  Violation of TDCA§ 392.302**

35.    The allegations of Paragraph 35 are Plaintiff's characterization of the TCDA and no response is required.

36.    The allegations of Paragraph 36 are denied.

37.    The allegations of Paragraph 37 are denied.

**b.  Violation of TDCA§392.304**

38.    The allegations of Paragraph 38 are Plaintiff's characterization of the TCDA and no response is required.

39.      The allegations of Paragraph 39 are denied.

The allegations on the unnumbered paragraph on page 7 of the Complaint and its subparts (a) through (g) are Plaintiff's request for relief and no response is required; to the extent a response is required, the allegations.

## AFFIRMATIVE DEFENSES

MoneyKey sets forth the following Affirmative Defenses without assuming any burden of proof not otherwise imposed upon MoneyKey.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      The complaint fails to state a claim upon which relief can be granted against MoneyKey.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

2.      Plaintiff cannot be harmed where Plaintiff consented to the act causing the alleged harm. Plaintiff consented to receipt of telephone calls from MoneyKey at the number provided.

### THIRD AFFIRMATIVE DEFENSE
### (Cumulative Remedies)

3.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks cumulative remedies.

### FOURTH AFFIRMATIVE DEFENSE
### (Bad Faith and Harassment)

4.      Plaintiffs' claims against Defendant are brought in either bad faith or for purposes of harassment, and requests reasonable attorney fees related to the work performed in defense of this matter and costs pursuant to TEX. FIN. CODE §392.403(c).

5.      MoneyKey reserves the right to amend its answer to raise additional affirmative defenses as may be revealed through further investigation and discovery.

## MONEYKEY'S COUNTERCLAIM

For its counterclaim against Plaintiff Jewel M. Wade, Defendant MoneyKey states as follows:

1.      On information and belief, Plaintiff and Counterclaim-Defendant Jewel M. Wade is a resident of Kerr County, Texas.

2.      Defendant and Counterclaim-Plaintiff, MoneyKey-TX, Inc. is a Delaware corporation authorized to do business in the State of Texas.

3.      This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a).

4.      Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1391(b).

5.      On or about May 17, 2019, Plaintiff entered into a credit service agreement with MoneyKey.

6.      Pursuant to the terms of the contract, Defendant agreed to assist the Plaintiff in (i) obtaining a loan in the principal sum of $300.00 from a Lender (ii)  provide a guaranty or other credit enhancement ("Guaranty") to the Lender to secure that loan if Lender approved Plaintiff's application (iii) assist Plaintiff in preparing and completing documents necessary to obtain the loan; and (iv) collect payments and loan servicing on behalf of the Lender ((i), (ii), (iii), and (iv) collectively, the ("Credit Services").

7.      On or about May 17, 2019, Plaintiff received a loan from Lender.

8.      On or about June 3, 2019, Plaintiff failed to make payments towards her outstanding loan obligation.

9.      Upon Plaintiff's default her debt was purchased by Defendant from the Lender.

10.     Plaintiff has not made any payments for her outstanding loan obligation which remains due and owing.

## MONEYKEY'S COUNTERCLAIM
### (Breach of Contract)

11.      MoneyKey realleges the allegations in paragraphs 1 through 10 of its Counterclaim as though fully set forth herein.

12.     Plaintiff and Lender entered into an enforceable loan agreement (the "**Loan Agreement**") on May 17, 2019, whereby Lender loaned money to Plaintiff and Plaintiff agreed to repay the loan.

13.     Pursuant to the Loan Agreement, Plaintiff received the loan proceeds from Lender.

14.     Plaintiff breached the terms of the Loan Agreement by failing to make the payments required thereunder.

15.     MoneyKey purchased Plaintiff's loan from Lender and is entitled to enforce the Loan Agreement.

16.     As a result of Plaintiff's breach of the Loan Agreement described above, MoneyKey has been damaged in the amount of $677.69 plus prejudgment and post judgment interest.

17.     Additionally, pursuant to the terms of the Loan Agreement and Chapter 38 of the TEX. CIV. PRAC. & REM. CODE, MoneyKey is entitled to an award for its reasonable and necessary attorney fees in bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's complaint, MoneyKey prays that:

1.     The Complaint be dismissed with prejudice and that Plaintiff shall take nothing by reason of her Complaint;

2.     For judgment entered in favor of MoneyKey and against Plaintiff;

3.     MoneyKey be awarded its attorney fees, expenses and costs incurred in defense of this action under TEX. FIN. CODE §392.403(c);

4.     On its Counterclaim, judgment against Plaintiff in an amount to be determined according to proof, but in no event less than $677.69, together with prejudgment and postjudgment interest, attorney's fees and costs; and

5.     For such other relief which the Court deems just and appropriate.

Respectfully submitted,

By: */s/ Sabrina A. Neff*
Sabrina A. Neff
TBN# 24065813
HUSCH BLACKWELL, LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
(713) 647-6800 – Telephone
(713) 647-6884 – Facsimile
sabrina.neff@huschblackwell.com

ATTORNEYS FOR DEFENDANT
MONEYKEY – TX, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Original Answer and Affirmative Defenses and Original Counterclaim has been served upon the following on this the 11th day of October 2019:

Nathan C. Volheim, Esq.       *Via ECF*
Taxiarchis Hatzidimitriadis, Esq.    *Via ECF*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
*Counsel for Plaintiff*


                  By: */s/ Sabrina A. Neff*
                      Sabrina A. Neff